IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HARRIS, | No. C 12-05114 YGR (PR) |
|     Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY AND DENYING A CERTIFICATE OF APPEALABILITY** |
|   vs. | |
| W. KNIPP, Warden, | |
|     Respondent. | (Docket No. 8) |

## **INTRODUCTION**

Petitioner William Harris, a state prisoner, filed a *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss ("MTD") the instant petition as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner opposes the motion and Respondent has filed a reply.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss the petition as untimely.

## **BACKGROUND**

On November 1, 2006, by a jury in the Santa Clara County Superior Court, Petitioner was convicted of three counts of lewd and lascivious acts on a child under fourteen in violation of California Penal Code § 288(b), one count of sexual penetration of a child under fourteen and more

than ten years younger than the defendant in violation of California Penal Code § 289(j), and one count of aggravated sexual assault of a child under fourteen and more than seven years younger than the defendant in violation of California Penal Code § 269.  (MTD, Ex. 3 at 2.)  The state superior court sentenced Petitioner to twenty-seven years to life in state prison.  (*Id.*)  Petitioner appealed his conviction, and the California Court of Appeal affirmed the judgment on May 20, 2008.  (*Id.*, Ex. 1.)  The California Supreme Court denied review on July 30, 2008.  (*Id.*, Ex. 2.)

On October 27, 2011, Petitioner filed a petition for writ of habeas corpus in the Santa Clara County Superior Court, which denied the petition on November 17, 2011.  (*Id.*, Exs. 3 and 4.)   On November 30, 2011, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on December 7, 2011.  (*Id.*, Exs. 5 and 6).  On January 12, 2012, Petitioner filed a petitioner for a writ of habeas corpus in the California Supreme Court, which was denied on May 16, 2012, with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998).  (*Id.*, Exs. 7 and 8).

On October 2, 2012, Petitioner filed the instant federal petition.

On April 16, 2013, Respondent filed his motion to dismiss the petition for writ of habeas corpus as untimely.  (Docket No. 8.)

## DISCUSSION

AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1).

The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" 28 U.S.C. § 2244(d)(1)(A); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). When a petitioner does not seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period for filing the writ expires. *Id.*

In the present case where Petitioner did not seek a writ of certiorari from the United States Supreme Court, the limitations period started running on October 28, 2008, ninety days after July 30, 2008, the date the California Supreme Court denied review on direct appeal. *See Miranda*, 292 F.3d at 1065. Thus, Petitioner had one year from the time the limitations period started running -- or until October 28, 2009 -- to file his federal habeas petition. Because Petitioner did not file the present petition until October 2, 2012 -- approximately three years after the limitations period had expired -- the petition is untimely unless he can show that he is entitled to statutory or equitable tolling.

## I.  **Statutory Tolling**

AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), *abrogated on other grounds by Pace v. DiGuglielmo,* 544 U.S. 408 (2005). The statute is not tolled, however, for state court petitions filed after AEDPA's one-year deadline has passed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (Section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed, even if the state petition was timely filed).

Petitioner filed his first state habeas petition on October 27, 2011 -- two years after the October 28, 2009 expiration of the limitations period. Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. *See Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (once

1  the limitations period has expired, collateral petitions can no longer serve to avoid the statute of
2  limitations). Therefore, statutory tolling does not apply to Petitioner's petition.

3  Furthermore, in denying Petitioner's last state habeas petition, the California Supreme Court
4  cited *In re Robbins*, Cal.4th 770, 780 (1998). (MTD, Ex. 8.) A California court's citation of *In re*
5  *Robbins* is a clear ruling that the petition was untimely. *Thorson v. Palmer*, 479 F.3d 643, 645 (9th
6  Cir. 2007) (denial of petition with citation to *Robbins* was clear denial on timeliness grounds and
7  therefore petition was neither "properly filed" nor "pending"). "When a postconviction petition is
8  untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." *Pace v.*
9  *DiGuglielmo*, 544 U.S. 408, 414 (2005) (citing *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). In
10 *Pace*, the Supreme Court held that "[b]ecause the state court rejected petitioner's [postconviction]
11 petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under
12 §2244(d)(2)." *Id.* at 413. Accordingly, Petitioner is not entitled to statutory tolling under
13 § 2244(d)(2).

14 Because Petitioner did not meet the one-year requirement for filing the instant federal habeas
15 petition, and he is not entitled to statutory tolling, his petition is barred as untimely under 28 U.S.C.
16 § 2244(d)(1), unless he can show that he is entitled to equitable tolling of the limitations period.

17 **II.    Equitable Tolling**

18 AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland*
19 *v. Florida*, 130 S. Ct. 2549, 2560 (2010). "When external forces, rather than a petitioner's lack of
20 diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations
21 may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will
22 not be available in most cases because extensions of time should be granted only if "'extraordinary
23 circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon*
24 *v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on*
25 *other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (*en*
26 *banc*). The prisoner must show that "the 'extraordinary circumstances' were the cause of his
27 untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). In other
28

4

words, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

"'The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling is unavailable if the petitioner fails to exercise due diligence. *Pace,* 544 U.S. at 418-19. The 'due diligence' clock starts to run when a person knows or through diligence could have discovered the factual predicate of a claim, not when he actually discovers the facts or their legal significance. *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). Where a prisoner fails to show any causal connection between the grounds upon which he asserts a right to equitable tolling and his inability to file a timely federal habeas petition, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005), *amended*, 447 F.3d 1165 (9th Cir. 2006).

In his opposition, Petitioner asserts three grounds for equitable tolling.

First, Petitioner argues that he is ill-educated and had no way of knowing all the constitutional violations that the prosecution committed before and during Petitioner's trial. However, *pro se* representation and ignorance of legal procedure do not excuse a lack of diligence. *Johnson v. United States*, 544 U.S. 295, 311 (2005). Likewise, ignorance of the law and lack of legal sophistication, by itself, do not constitute extraordinary circumstances warranting equitable tolling. *Rasberry*, 448 F.3d at 1154. Therefore, Petitioner's argument that he is "ill-educated" or was unaware of the prosecutor's constitutional violations provides insufficient grounds for equitable tolling. Further, Petitioner fails to demonstrate due diligence to explain the three-year delay in discovering his claims.

Second, Petitioner argues that there is no "procedural bar" when constitutional rights are violated. However, the statute of limitations is a threshold issue to be decided before reaching the merits of a petitioner's claims. *Ford*, 683 F.3d at 1238. The failure to comply with the statute of limitations is not a procedural bar. *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010); *Zepeda v.*

1  *Walker*, 581 F.3d 103, 1018 (9th Cir. 2009).   Therefore, Petitioner's second argument is without
2  merit.

3        Third, Petitioner argues that his petition must be accepted as timely because Respondent has
4  failed to show prejudice from the delay.  Although previously the government must have shown
5  prejudice to dismiss a petition as untimely, AEDPA's adoption of a one-year statute of limitations
6  runs irrespective of prejudice.  *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003).  Under the
7  law as it presently applies to habeas petitions, whether the government has been prejudiced by the
8  petitioner's delay is immaterial.  *Id.* at 823.   Therefore, Petitioner's third argument is without merit.

10        In sum, Petitioner's federal habeas petition is untimely, and he has not offered a sufficient
11  reason why he should be entitled to statutory or equitable tolling.  Accordingly, the Court GRANTS
12  Respondent's motion to dismiss.[1]

### IV.    Certificate of Appealability

14        The federal rules governing habeas cases brought by state prisoners require a district court
15  that dismisses or denies a habeas petition to grant or deny a certificate of appealability in its ruling.
16  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "When the district court
17  denies a habeas petition on procedural grounds without reaching the prisoner's underlying
18  constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at
19  least, that jurists of reason would find it debatable whether the petition states a valid claim of the
20  denial of a constitutional right and that jurists of reason would find it debatable whether the district
21  court was correct in its procedural ruling."  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *Id.* at
22  484; *see also James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

---

[1] Petitioner has filed several documents that are not relevant to his habeas petition or to this motion to dismiss.  For instance, Petitioner claims that he is not receiving proper medical treatment from prison staff.  This appears to be a claim based on a violation of constitutional rights; any such claim must be filed in a separate civil rights action.  *See Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004) (challenges to prison conditions traditionally cognizable only via civil rights complaints; challenges implicating fact or duration of confinement must be brought in habeas petition).

1  For the reasons stated above, Petitioner has failed to show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484-85. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Respondent's motion to dismiss the petition for a writ of habeas corpus (Docket No. 8) is GRANTED, and this action is DISMISSED with prejudice.

2. The Court DENIES a certificate of appealability as to Petitioner's entire petition.

3. The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

4. This Order terminates Docket No. 8.

IT IS SO ORDERED.

DATED: December 2, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**